UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
                                     :

LIBERTY HIGHRISE PVT. LTD.**,**      :      ECF Case
                                     :

        Plaintiff,          :      20 Civ.  2427
                                     :

V.                             :      **<u>VERIFIED COMPLAINT</u>**
                                   :

PRAXIS ENERGY AGENTS DMCC and  :
PRAXIS ENERGY AGENTS PTE LTD.  :
                                   :

        Defendants.        :
                                   :

-------------------------------------------------------X

        Plaintiff, LIBERTY HIGHRISE PVT. LTD., by its attorneys, WANCHOO LAW OFFICES, LLP, alleges, upon on information and belief:

## I.
## <u>THE PARTIES</u>

        1.      Plaintiff, Liberty Highrise Pvt. Ltd. ("Liberty Highrise"), is a company organized and existing under the laws of India with an office at 104, SP Mukherjee Road, Sagar Trade Cube, 3rd Floor, Kolkata, West Bengal, India.

        2.      At all material times, Liberty Highrise was the operator of the M.V. MENALON.

        3.      The Defendant, Praxis Energy Agents DMCC ("Praxis Dubai"), is a company organized and existing under the laws of the United Arab Emirates. Praxis Dubai, with a principal place of business at Unit No: 1603, Swiss Tower, Plot No: JLT-PH2-Y3A, Jumeirah Lakes Towers, Dubai, UAE.

1

4.      The Defendant, Praxis Energy Agents Pte Ltd. ("Praxis Singapore"), is a company organized under the laws of Singapore, and maintains its principal place of business at 300 Beach Road, Suite 10-01, The Concourse Singapore, 199555.

5.      The Defendants, Praxis Dubai and Praxis Singapore, are collectively referred to herein as "the Defendants."

## II.
## VENUE AND JURISDICTION

6.      This matter arises out of the breach of maritime contract.  This Court has subject matter jurisdiction under admiralty and maritime jurisdiction existing under 28 U.S.C. §1333.  This matter also falls within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

7.      This Court is a court of proper venue within the meaning of 28 U.S.C. §1391(b)(2), as a substantial portion of the acts or omissions giving rise to the claim occurred.

8.      Additionally, the underlying contract that gives rise to this dispute specially calls for venue in this Court.

## III.
## FACTS

9.      In October 2019, Liberty Highrise was the operator of the M.V. MENALON (the "Vessel").

10.     On October 9, 2019, Liberty Highrise purchased 500-800 mt of IFO and 50-80 mt of LSMGO ("bunkers") from Praxis Dubai for delivery to the Vessel at Singapore between 18 October 2019 – 07 November 2019. The terms of payment were "Cash in Advance Minimum 3 Working Days Prior Date of Delivery Via Wire Transfer Against

Proforma Invoice." A true and exact copy of the Bunker Nomination is attached hereto as Exhibit 1.

11.     On the same day, Praxis Dubai advised that the physical supplier of the bunkers was Ocean Bunkering Services Pte. Ltd.  A true and exact copy of Praxis Dubai's email dated October 9, 2019 is attached hereto as Exhibit 2.

12.     The Bunker Nomination was accepted by Liberty Highrise.

13.     On October 22, 2019, Praxis Dubai sent a Proforma Invoice to Liberty Highrise in the amount of $205,110.00 for 535 mt of IFO and 50 mt of LSMGO. A true and exact copy of the Proforma Invoice is attached hereto as Exhibit 3.

14.     On October 23, 2019, Liberty Highrise wire transferred $205,127.85 to Praxis Energy Dubai's bank account at Aegean Baltic Bank S.A. A true and exact copy of the Citi funds transfer order evidencing proof of payment is attached hereto as Exhibit 4.

15.     On or about November 2, 2019, the Vessel arrived at Singapore to receive the bunkers. However, Praxis Dubai failed to supply them to the Vessel. Liberty Highrise placed Praxis Dubai on notice that its failure to deliver the bunkers and all resulting damages would be for Praxis Dubai's account. A true and exact copy of Liberty Highrise's email of November 2, 2019 regarding Praxis Dubai's failure to supply the bunkers is attached hereto as Exhibit 5.

16.     The Vessel subsequently sailed to Hong Kong, where she stemmed her bunkers.

17.     On or about September 30, 2019 Liberty Highrise purchased 400-750 mt of IFO and 50-100 mt of LSMGO from Praxis Dubai to be delivered to M.V. GOLD GEMINI at Singapore with a delivery date range of 14-30 October 2019. The terms of

payment were "25 days due net from date of delivery via wire transfer against original invoice and delivery receipts."  Although the GOLD GEMINI bunkers were purchased from Praxis Dubai, Liberty Highrise was directed to make payment to Praxis Singapore's bank account at United Overseas Bank Ltd. Liberty Highrise paid the GOLD GEMINI invoice in the amount of $235,291.05 on November 1, 2019. True and exact copies of the M.V. GOLD GEMINI Bunker Nomination dated September 30, 2019, Tax Invoice dated October 23, 2019 and proof of payment dated November 1, 2019 are attached hereto as Exhibit 6.

18.     On or about November 6, 2019, Praxis Dubai confirmed receipt of payment in the amount of $205,110 for the bunkers to be delivered to the M.V. MENALON. However, Praxis Dubai improperly allocated payment of the MENALON invoice against the GOLD GEMINI invoice which was on different payment terms. A true and exact copy of Praxis Dubai's email to Liberty Highrise dated November 6, 2019 is attached hereto as Exhibit 7.

19.     Liberty Highrise' P&I Club began pursuing the Defendants for the value of bunker  and served a demand for payment via email on November 29, 2019.  A true and exact copy of the demand email is attached hereto as Exhibit 8.

20.     Subsequent attempts by Liberty Highrise to contact the Defendants concerning reimbursement have gone ignored

21.     The contract for the delivery of bunkers was subject to Praxis Energy's "General Terms and Conditions for the Sale of Marine Bunker Fuels and Lubricants" ("General Terms").  A true and exact copy of the General Terms is attached hereto as Exhibit 9.

22.     Pursuant to General Terms, Clause 22.01, the contract was and is governed by the general maritime law of the United States.  The contract also provided that all disputes and/or claims would be submitted to the United States District Court for the Southern District of New York.

### ALTER EGO RELATIONSHIP AMONG DEFENDANTS

21.     While the contracting party for the M.V. GOLD GEMINI bunker nomination was Praxis Dubai, the tax invoice was issued by Praxis Singapore; and Liberty Highrise was directed to make payment to Praxis Singapore's bank account in Singapore (See, Exhibit 7). Payments received on behalf of another independent company are suggestive of a relationship that is not "arm's length."

22.     The manager of Praxis Dubai, listed in the Trading License as Theodosios Kyriazis (Exhibit 10), is also a director and sole shareholder of Praxis Singapore. (Exhibit 11).

23.     Mr. Kyriazis has communicated with Liberty Highrise on behalf of both Praxis Singapore and Praxis Dubai (See, Exhibit 8).

24.     Praxis Singapore and Praxis Dubai were copied in the email correspondence with Liberty Highrise (See, Exhibit 6).

25.     Praxis Singapore and Praxis Dubai have the same General Terms and Conditions for the Sale of Marine Bunker Fuels and Lubricants (See, Exhibit 9).

26.     Praxis Singapore is the alter-ego of Praxis Dubai because it dominates and disregards Praxis Dubai's corporate form to the extent that Praxis Singapore is actually carrying on Praxis Dubai's business and operations as if the same were its own, or vice versa.

27.     Upon information and belief, Praxis Dubai has no separate identity from Praxis Singapore.

28.     Upon information and belief, the Defendants are otherwise or additionally partners and/or joint ventures.

29.     Upon further information and belief, the Defendants are affiliated companies such that Praxis Singapore is now, or will soon be, holding assets belonging to Praxis Dubai, or vice versa.

## IV.
## CAUSES OF ACTION

**A.     Breach of Contract**

31.     Liberty Highrise repeats the allegations contained in Paragraphs 1-29.

32.     Under the terms of the bunker supply contract, Praxis Dubai was to supply the M.V. MENALON with 880 mt of bunkers.

33.     Liberty Highrise paid and Praxis Dubai accepted payment of the full advance of $205,110 for 880 mt of bunkers, and met its obligations under the contract.

34.     The Defendants failed to supply the contracted bunkers to the Vessel and wrongfully retained payment for them.

35.     Despite repeated demands, the Defendants have refused to refund Liberty Highrise the amount of $205,110 plus other losses incurred as a result of the Defendants' failure to supply the bunkers at Singapore.

36.     There is no basis under the bunker supply contract for the Defendants to withhold the money owed to Liberty Highrise.

37.     There is no basis under the bunker supply contract for Praxis Dubai to offset payment for bunkers ordered on another vessel.

38.     Liberty Highrise has fulfilled all applicable condition precedents.

39.     By failing to supply bunkers to the Vessel and retaining the advance payment of $205,110, the Defendants are in breach of contract.

B.     **Conversion**

40.     Liberty Highrise repeats the allegations contained in Paragraphs 1-39 Defendants are liable to Liberty Highrise for conversion.

41.     By wrongfully taking $205,110 of Liberty Highrise's money, the Defendants exercised the rights of ownership over Liberty Highrise's property to the exclusion of Liberty Highrise's rights.

42.     The amount of $205,110 is a specifically identifiable amount that Defendants are obligated to return to Liberty Highrise.

43.     In this matter, Liberty Highrise tendered funds to Praxis Dubai to pay for bunkers.  While Praxis Dubai acknowledged receipt of payment, it failed to supply the 880 mt of bunkers.

44.     Liberty Highrise has an immediate and superior right to the amount of $205,110, which the Defendants have exercised dominion over without authorization to the exclusion of Liberty Highrise' rights.

45.     The Defendants acted maliciously and/or in reckless disregard for the Plaintiff's rights.

46.     Wherefore, the Defendants are liable, jointly and severally, for damages.

### C. Unjust Enrichment

47.     Liberty Highrise repeats the allegations contained in Paragraphs 1-46.

48.     Liberty Highrise paid Praxis Dubai $205,110.00 for 880 mt of bunkers.

49.     Praxis Dubai failed to supply any bunkers to the Vessel.

50.     Despite repeated demands, the Defendants have refused to return the advance and unearned payment to Liberty Highrise.

51.     The Defendants have been unjustly enriched as a result of the aforesaid.

52.     Liberty Highrise has been damaged by Defendants' wrongful conduct.

53.     Wherefore, the Defendants are liable, jointly and severally, for damages.

54.     In addition to the value of the bunkers that were not delivered to the Vessel, Liberty Highrise has incurred the following losses in the total amount of $121,259.46:

   a.   Loss of hire while the Vessel was idling at Singapore of $36,260;

   b.   Bunkers consumed at Singapore of $4,752;

   c.   Port disbursements incurred at Singapore of $3,357.46;

   d.   Price differential between the Singapore and Hong Kong bunker contracts of $33,945; and

   e.   Additional steaming due to bunkering at Hong Kong of $42,945.

55.     Thus, due to Defendants' breach of contract and/or tortious conduct, Liberty Highrise has been damaged in the amount of $326,369.46 ($205,110 + $121,259.46), exclusive of costs, interest and attorney's fees.

56.     The applicable bunkering supply contract, at General Terms Clause 22.04, Liberty Highrise should be awarded its reasonable costs and attorney's fees.

## VI.
## PRAYER

**WHEREFORE**, Plaintiff, Liberty Highrise Pvt. Ltd., respectfully avers that: (1) Process in due form of law issue against Defendants, Praxis Energy Agents DMCC and Praxis Energy Agents Pte Ltd. *in personam*, citing them to appear and answer this Verified Complaint;  (2) Judgment in the amount of $326,369.46, be entered in favor of Plaintiff against the Defendants for all sums shown to be due and owing at trial, together with interest and costs and attorney's fees; and (3) that Plaintiff  be awarded such other relief as it may be entitled to receive.

Dated: New York, New York
         March 19, 2020

Respectfully submitted,

_____
Rahul Wanchoo, Esq
Wanchoo Law Offices, LLP
350 Fifth Avenue, 59th Floor
New York, NY 10118
Telephone: (646) 593-8866
Email: rwanchoo@wanchoolaw.com

**ATTORNEY FOR PLAINTIFF**

## VERIFICATION

Rahul Wanchoo hereby declares the following pursuant to 28 U.S.C. §1746:

1. I am an attorney at law and a member of the firm of Wanchoo Law Offices, LLP, attorneys for Plaintiff.

2. I have read the foregoing Verified Complaint and know the contents thereof and the same are true to the best of my knowledge, information and belief.

3. I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff.  The reason that this verification is made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers are not in this district.

I declare under the penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
       March 19, 2020

_____
RAHUL WANCHOO