UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
                                                         :
LIBERTY HIGHRISE PVT. LTD.,          :    ECF Case
                                                         :
      Plaintiff,                              :    20-cv-02427-RA
                                                         :
V.                                              :    **MEMORANDUM OF LAW IN SUPPORT**
                                                         :    **OF MOTION FOR ISSUANCE OF**
                                                         :    **LETTER ROGATORY REQUESTING**
PRAXIS ENERGY AGENTS DMCC and   :    **SERVICE OF PROCESS**
PRAXIS ENERGY AGENTS PTE LTD.    :
                                                         :
      Defendants.                        :
                                                         :
---------------------------------------------------------X

This Court has the authority to issue a letter rogatory to a foreign tribunal under 28 U.S.C. § 1781, which provides in pertinent part that a letter of request (also known as a letter rogatory) may be transmitted "directly from a tribunal in the United States to a foreign or international tribunal." 28 U.S.C. § 1781(b)(2).

> Letters rogatory "are the means by which a court in one country requests the court of another country to assist in the administration of justice...[.]" *United States v. Rosen*, 240 F.R.D. 204, 215 (E.D. Va. 2007). "Federal courts have both statutory and inherent authority to issue letters rogatory, regardless of whether the case is civil or criminal." *Id.* (citing 28 U.S.C. § 1781); *United States v. Staples*, 256 F.2d 290, 292 (9th Cir. 1958), *United States v. Steele*, 685 F.2d 793, 802 (3d Cir. 1982)). A court's decision to issue letters rogatory lies within its sound discretion. *Rosen*, 240 F.R.D. at 215; *see also United States v. Mason*, 919 F.2d 139 (4th Cir. 1990) (unpublished per curiam decision). Courts have required that "some good reason [] be shown by the opposing party for a court to deny an application for a letter rogatory." *DBMS Consultants Ltd. v. Computer Assocs. Int'l., Inc.*, 131 F.R.D. 367, 369 (D. Mass. 1990) (citation omitted). On the other hand, courts have found that "letters rogatory should be issued only where 'necessary and convenient,'" *Rosen*, 240 F.R.D. at 215 (citation omitted). Although noting that the letters rogatory process is a "complicated, dilatory, and expensive" one, any delays caused by the process are "justified if necessary to ensure a fundamentally fair trial...[.]" *Id.*

*Brey Corp. v. LQ Mgmt., L.L.C.*, Civil Action No. AW-11-cv-00718-AW, 2012 U.S. Dist. LEXIS 104952, at *8-9 (D. Md. July 25, 2012).

The Supreme Court of Singapore's Order 65 requires documents for service of foreign process to be sent to the Court with a letter of request (letter rogatory) for judicial assistance. The court will then effect the service requested. Absent the requested Letter Rogatory, Liberty Highrise Pvt. Ltd. will be unable to effect proper service of the summonses on the defendant, Praxis Energy Agents Pte Ltd.

WHEREFORE, for the reasons set forth herein, Liberty Highrise respectfully requests that the Court issue the attached Letter Rogatory. Plaintiff will then forward the Letter Rogatory, along with the summonses for service, to the Supreme Court of Singapore.

Dated: New York, New York
March 24, 2020

Respectfully submitted,

*Rahul Wanchoo*

_____
Rahul Wanchoo, Esq
Rahul Wanchoo, Esq
Wanchoo Law Offices, LLP
24 Old Chimney Road
Upper Saddle River, NJ 07458
Telephone: (201) 783-8560
Email: rwanchoo@wanchoolaw.com

**ATTORNEY FOR PLAINTIFF**