UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 4-20-20

LIBERTY HIGHRISE PVT. LTD.,

               Plaintiff,

       v.

PRAXIS ENERGY AGENTS DMCC, and
PRAXIS ENERGY AGENTS PTE LTD.

             Defendants.

20-CV-2427 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

Plaintiff Liberty Highrise Pvt. Ltd. filed a complaint on March 19, 2020 against Defendants Praxis Energy Agents DMCC ("Praxis Dubai") and Praxis Energy Agents Pte Ltd. ("Praxis Singapore"), alleging breach of a maritime contract. Dkt. 1. On March 23, the Clerk of Court issued summons as to both Defendants. Dkts. 6-7. On March 24, Plaintiff filed a motion for issuance of a letter rogatory to the Supreme Court of Singapore requesting an order for service of process on Defendant Praxis Singapore. Dkt 8. Plaintiff filed a memorandum of law in support of his motion, Dkt. 9, as well as a proposed letter rogatory, Dkt. 8-1, which provides that "The United States District Court for the Southern District of New York wishes to express its willingness to reimburse the judicial authorities of the Supreme Court for Singapore for costs incurred in executing this Letter Rogatory." For the reasons that follow, Plaintiff's motion for issuance of a letter rogatory is denied.

Federal Rule of Civil Procedure 4(h) provides that a "foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name" must be served "in a judicial district of the United States" or "at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual,

1

except personal delivery under (f)(2)(C)(i)."   Federal Rule of Civil Procedure 4(f), in turn, enumerates the following methods of service on an individual in a foreign country:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
>> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>>
>> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>>
>> (C) unless prohibited by the foreign country's law, by:
>>
>>> (i) delivering a copy of the summons and of the complaint to the individual personally; or
>>>
>>> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).

Rule 4(f)(1) is inapplicable because Singapore is not a party to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, or any comparable international agreement regarding service.  *See Playboy Enterprises Int'l, Inc. v. Smartitan (Singapore) PTE Ltd.*, 804 F. Supp. 2d 730, 739 n.3 (N.D. Ill. 2011).  Plaintiff therefore must serve Defendant Praxis Singapore pursuant to one of the methods outlined in Rule 4(f)(2).  Plaintiff argues that "[t]he Supreme Court of Singapore's Order 65 requires documents for service of foreign process to be sent to the Court with a letter of request (letter rogatory) for judicial assistance."  Dkt. 9, at 2.  Order 65 of the Singapore Rules of Court, however, authorizes multiple methods of service of foreign legal process, including "by a method of service authorised by these Rules for the service

2

of analogous process issued by the Court."   Sing. R. of Ct., at O. 65.  The Singapore Rules of

Court further describe the available methods of personal service.  *See, e.g.*, Sing. R. of Ct., at O.

10 & O. 62.  Plaintiff has provided no explanation as to why it cannot effectuate service pursuant

to an alternative method authorized by the Singapore Rules of Court—including personal

service—which may be significantly less costly and time-consuming.  *See, e.g.*, *In re BRF S.A.*

*Sec. Litig.*, No. 18-CV-2213 (PKC), 2019 WL 257971, at *4 (S.D.N.Y. Jan. 18, 2019) ("Based

on the likelihood of substantial delay arising from the letters rogatory process, the Court

concludes that it is appropriate for [plaintiff] to effectuate alternate service of process on the

individual defendants."); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 270 F.R.D. 535, 537–38

(N.D. Cal. 2010) (finding "no reason to require service through letters rogatory" in "light of the

availability of alternative, speedier relief").

Plaintiff's motion for issuance of a letter rogatory is therefore denied.  If Plaintiff

establishes that there is no speedier or less costly alternative means of service available, it may

renew its motion for issuance of a letter rogatory.  The Clerk of Court is respectfully directed to

terminate the motion at Docket Entry 8.

SO ORDERED.

Dated:        April 20, 2020
              New York, New York

                                              _____
                                              Ronnie Abrams
                                              United States District Judge